CHARLES A. TABER *vs.* WILLIAM R. LAWRENCE & another.

Essex. Nov. 10, 1882. — Jan. 6, 1883. C. ALLEN, COLBURN & HOLMES, JJ., absent.

A purchaser in possession of property bought of a debtor, an assignment of whose estate has been made under the insolvent law, part of which property so sold belonged to him before his insolvency, and part of which was acquired afterwards, may maintain an action of tort in the nature of trover against a person who attaches the property as that of the insolvent.

MORTON, C. J. This is an action of tort in the nature of trover. It appeared at the trial that one Pratt, being in possession of the property in question, sold and delivered it to the plaintiff, in July 1881. The defendants introduced evidence that said Pratt filed his petition in insolvency, and that an assignment of his property thereunder was made, in December 1880, and also evidence that a portion of the property belonged to Pratt before his insolvency. They then asked the court to rule " that said Pratt had no right, by reason of said assignment, to sell said property to the plaintiff;" and the court so ruled. The plaintiff thereupon offered to prove that a portion of the property was bought by Pratt after his petition in insolvency and after the assignment; but the court ruled " that the plaintiff could not, by reason of said assignment in insolvency, even with the evidence offered by the plaintiff as above stated, maintain his action, as Pratt's assignee had a right to the property, and that, at the time of the alleged sale, Pratt could convey no title to it; and ordered a verdict for the defendants." It is probable that the presiding justice made this ruling under some misapprehension of the offer of evidence made by the plaintiff. It is too clear to admit of doubt, that the assignment could not have any effect upon property acquired by Pratt after the institution of proceedings in insolvency.

But we are also of opinion, that the ruling was erroneous so far as it related to property which belonged to Pratt before the insolvency. In trover, possession of the goods under a claim of title is sufficient evidence of property, as against one who shows no better right. 2 Greenl. Ev. § 637. *Burke* v. *Savage,* 13 Allen, 408. The only title set up by the defendants is under an

attachment of the goods as the property of Pratt. If his assignees are entitled to it under the assignment, the attachment is invalid, and they are the only parties who have the right to call the plaintiff to account. *Hubbard* v. *Lyman*, 8 Allen, 520. *Pomroy* v. *Lyman*, 10 Allen, 468. The defendants show no title to the property, but are mere strangers and trespassers. As against them, the possession of the plaintiff under a claim of right is sufficient evidence of title in him to enable him to maintain this action. *Exceptions sustained.*

*S. C. Bancroft*, for the plaintiff.

*E. N. Hill & F. Cunningham*, for the defendants.